# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DENNIS COOPER, | : |
|---|---|
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 18-CV-4481 |
| | : |
| CYNTHIA LINK, *et al.*, | : |
| Defendants. | : |

## ORDER

AND NOW, this 25th day of February, 2019, upon consideration of Plaintiff Dennis Cooper's "Motion to Amend in Order to Fix Defects in the Original File so a Valid Claim May be Stated Herein," (ECF No. 11), it is **ORDERED** that:

1. The Court construes the "Motion to Amend in Order to Fix Defects in the Original File so a Valid Claim May be Stated Herein" as Cooper's Amended Complaint in this case.

2. The Clerk of Court shall **AMEND** the docket to reflect that Cooper's "Motion to Amend in Order to Fix Defects in the Original File so a Valid Claim May be Stated Herein," is the Amended Complaint in this case. The Clerk of Court shall also **TERMINATE** the Motion associated with that docket entry.

3. Cooper's claims that his constitutional rights were violated because he was not transferred to a county facility pending resentencing are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons discussed in the Court's Memorandum. Accordingly, the following individuals are **DISMISSED** as parties to this lawsuit: (1) Ms. Gretchen Scarry; (2) Ms. Nemal; (3) Ms. Boltze (not currently identified in the caption); (4) Ms. Gower; (5) Ms. Fenn; (6) Ms. Nixson (identified in the caption as Ms. Nixon); (7) Ms. Sassano;

and (8) Jane/John Doe (records room assistant), who are identified as Defendants twenty-four through thirty-one on pages six and seven in the Amended Complaint.

4. Cooper's Fifth Amendment claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons discussed in the Court's Memorandum.

5. Cooper's Sixth Amendment claims that are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as set forth in the Court's Memorandum are **DISMISSED without prejudice** to Cooper pursuing those claims in a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 if appropriate.

6. The Clerk of Court shall **AMEND** the docket to reflect that the case is proceeding against the following Defendants: (1) Cynthia Link; (2) Mark Capaozza; (3) Mr. Armel; (4) Mr. Nickleson; (5) Captain W. Tift; (6) Captain G.S. Robinson; (7) Captain Mr. Terra; (8) Lieutenant K. Ridgley; (9) Lieutenant Patton; (10) Lieutenant W. Louden; (11) Lieutenant D. Collins; (12) Lieutenant Parker; (13) Lieutenant/Captain Jane Doe; (14) Lieutenant/Captain Jane Doe; (15) Sargent Alimon; (16) Correctional Officer Tucker; (17) Correctional Officer Bueno; (18) Unit Manager J. Hawk; (19) Dr. Boley; (20) Dr. Sharon; (21) Joseph C. Korszniak; (22) Ms. Neda Rice; (23) M. Savago; (24) Peter Saavadra; (25) S.L. Brown; (26) Chris Steffino; (27) Mr. Seed; (28) Correctional Officer John Doe; (29) Correctional Officer John Doe; (30) Correctional Officer John Doe; (31) Correctional Officer John Doe; and (32) Correctional Officer John Doe.

7. Service shall be made upon the John Doe Defendants if and when Cooper provides sufficient identifying information to allow for service.

8. The Clerk of Court shall issue summonses. Service of the summonses, the Amended Complaint, and a copy of this Order and the Court's accompanying Memorandum shall be made upon the remaining Defendants by the U.S. Marshals Service. Cooper will be

required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in dismissal of this case for failure to prosecute.

9. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
>
> _____
> (Signature)"

10. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Cooper is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

11. Cooper is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Cooper shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

3

12. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

13. In the event a summons is returned unexecuted, it is Cooper's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

14. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**